CLD-170                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2323
_____

In re: HAROLD BURTON,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:23-cv-03259)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 23, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed August 4, 2026)
_____

OPINION*
_____

PER CURIAM

Harold Burton filed a *pro se* petition for a writ of mandamus asking us to direct

the Magistrate Judge to act on his request for an evidentiary hearing in the underlying

habeas corpus proceeding. After Burton filed the mandamus petition, the Magistrate

Judge entered an order denying Burton's request for an evidentiary hearing. The

Magistrate Judge subsequently vacated that order after he granted Burton's motion for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

leave to file an amended response to the Commonwealth's response to his request for an evidentiary hearing.

A writ of mandamus is an appropriate remedy only in extraordinary circumstances. *See Sporck v. Peil*, 759 F.2d 312, 314 (3d Cir. 1985). "[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction[.]" *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). But Burton is not entitled to such relief here. Although the Magistrate Judge vacated his prior ruling on Burton's motion for an evidentiary hearing, he did so in granting Burton's motion to file an amended response. Thus, it cannot be said that the Magistrate Judge is failing to exercise his jurisdiction, and we will deny Burton's request for mandamus relief.